IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40111
Summary Calendar
_____

GUY LEWIS ALLEN,

Plaintiff-Appellant,

versus

JOANNA NELSON, Deputy District Clerk, Wood
County, TX; CINDI WATKINS, Deputy District Clerk,
Wood County, TX; COUNTY COMMISSIONER, Wood County, TX,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-455
- - - - - - - - - -
September 16, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Guy Lewis Allen, Texas prisoner # 642038, appeals the district court's dismissal of his 42 U.S.C. § 1983 action filed against Wood County, Texas, district court clerks JoAnna Nelson and Cindi Collins and the County Commissioner of Wood County. Allen argues that 1) he was denied his right to compulsory process by the magistrate judge's refusal to subpoena several witnesses for Allen's evidentiary hearing, 2) the district court erroneously dismissed Allen's defamation claims against the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants, 3) counsel should have been appointed for Allen, and 4) he should have had a trial by jury.

Allen has not demonstrated that the witnesses he wanted subpoenaed for his evidentiary hearing would have provided relevant, nonrepetitious testimony, and the magistrate judge did not abuse his discretion for not subpoenaing those witnesses. Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir. 1985).

Allen's defamation claims did not allege a violation of a federal statutory or a constitutional right; nor did the defendants' actions amount to more than mere negligence.  The claims were thus not cognizable in a § 1983 action.  See Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995).  Given that Allen's claims were not cognizable in a § 1983 action, even if the district court erroneously denied Allen a jury trial, the error was harmless. See McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998).

Lastly, because Allen was not proceeding in the district court in forma pauperis, and his case did not present exceptional circumstances, the district court did not abuse its discretion in denying Allen's requests for the appointment of counsel.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The judgment of the district court dismissing Allen's § 1983 suit is AFFIRMED.